PEOPLE *v.* ROBERT MATTHEWS

Criminal Law — Trial — Forgery — Handwriting Samples — Trial Strategy.

> Refusal to let the jury see samples of the defendant's handwriting from letters written by the defendant on prison stationery was not error in a trial for uttering and publishing a forged check, where it had not been revealed to the jury that defendant had a prior criminal record, there was a substantial danger of prejudice to the defendant, and where defense counsel was aware of the contents of the letters and agreed that they should not be submitted to the jury as a trial decision.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 September 22, 1970, at Detroit. (Docket No. 8,259.)  Decided December 1, 1970.

Robert L. Matthews was convicted of uttering and publishing.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*William H. Cannon,* for defendant on appeal.

Reference for Points in Headnote
29 Am Jur 2d, Evidence §§ 806–815.

Before: V. J. Brennan, P. J., and Levin and O'Hara,* JJ.

O'Hara, J. Defendant-appellant was convicted by a jury of uttering and publishing, MCLA § 750.249 (Stat Ann 1962 Rev § 28.446) and sentenced to serve 5 to 14 years imprisonment. He brings this appeal of right.

Defendant was charged with forging a certain check at a gasoline station in St. Clair Shores. During the course of trial certain letters written by the defendant and sent to his sister were introduced into evidence by the plaintiff. An expert for the plaintiff testified that the handwriting on the letters and on the forged check were the same. An expert for the defendant, however, testified that he had examined the handwriting on the check and the letters and that it was not by the same hand.

After the court instructed the jury the following exchange took place:

"*Juror No. 5:* Could we have the exhibits in the jury room?

"*The Court:* Except—in this case I have to rule that you may not have the three letters.

"*Juror No. 5:* That's the one I would like to have.

"*The Court:* For a reason known only to me that I cannot make known to you and you will not let it interfere with your deliberation. I cannot let you have the three letters. Are there any other questions?"

Defendant alleges that the court below erred by not allowing the jury to see the letters and thus decide for themselves whether the handwriting was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the same. We need not reach the merits of this question in the instant case.

The letters in question were written by defendant from Marquette Prison on prison stationery. During the trial it had not been revealed to the jury that defendant had a prior criminal record, a fact that would have been readily apparent had these letters been submitted. There was, therefore, a substantial danger of prejudice to the defendant.

Uncontested affidavits of the assistant prosecutor and trial judge have been submitted to this court showing that defense counsel at trial was aware of the contents of these letters and agreed that they should not be submitted to the jury. Defense counsel having so stipulated, as a not unwise trial decision, error cannot be predicated on the action of the trial judge in conformity with this agreement.

Affirmed.

All concurred.